IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KAWAYNE STEEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:17-cv-349-MHT-GMB |
| | ) | |
| VISCOFAN USA, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 15.  On September 6, 2016, Plaintiff Kawayne Steel filed this lawsuit against Viscofan USA, Inc. ("Viscofan") in the Circuit Court of Montgomery County, Alabama. Doc. 1-1.  After the Circuit Court severed Steel's tort claims from his workers' compensation claim, Viscofan removed the tort claims to this court on the basis of diversity jurisdiction. Doc. 2.  Now, Viscofan moves for judgment on the pleadings on all of Steel's tort claims against it (Doc. 25), and Steel has responded by seeking leave to amend his complaint to omit Viscofan as a defendant. Doc. 34.  After careful consideration of the parties' submissions and the applicable law, the undersigned recommends that the motion for judgment on the pleadings (Doc. 25) be GRANTED, that the motion for leave to amend complaint (Doc. 34) be DENIED, and that all claims asserted by Steel against Viscofan USA, Inc. be DISMISSED with prejudice.

## I.  JURISDICTION AND VENUE

The court has subject-matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332.  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

## II.  STANDARD OF REVIEW

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) (citation and internal quotation marks omitted).  The standard is functionally the same as that for a Rule 12(b)(6) motion to dismiss. *See United States v. Bahr*, 275 F.R.D. 339, 340 (M.D. Ala. 2011).  Thus, the court must accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999).  To avoid a judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

## III.  BACKGROUND

Viscofan employed Steel as a machine operator in an industrial facility in Montgomery County, Alabama. Doc. 2-2 at 3.  On March 23, 2016, Steel cut his left arm as he fed a meat casing onto a machine, resulting in significant injuries. Doc. 2-2 at 3–4. Steel alleges that the defendants improperly designed, manufactured, installed, distributed, sold, or assembled this machine, causing Steel's injuries. Doc. 2-2 at 5.  Since Steel's tort claims were severed from his workers' compensation claim by the state court, only his tort

claims are pending in this court.  As a result, Viscofan has moved for judgment on the pleadings for all of Steel's tort claims against it, claiming that the Alabama Workers' Compensation Act ("AWCA") is Steel's exclusive remedy under Alabama law. *See* Docs. 25 & 28.  Steel responded to the motion by casting doubt on his status as an employee, seeking to avoid the AWCA's exclusivity provisions. *See* Doc. 29.  Steel then filed a motion for leave to amend his complaint. Doc. 34.  His proposed amended complaint omits Viscofan as a defendant.[1] Doc. 34-1.

## IV.  DISCUSSION

Alabama's Workers' Compensation Act ("AWCA") provides that an employee cannot recover from an injury "resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof." Ala. Code § 25-5-52.  Section 25-5-53 provides, in relevant part:

> The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee . . . at common law, by statute, or otherwise on account of injury, loss of services, or death.  Except as provided in this chapter, no employer shall be held civilly liable for personal injury to . . . the employer's employee, for purposes of this chapter, whose injury . . . is due to an accident . . . while engaged in the service or business of the employer, the cause of which accident . . . originates in the employment.

Ala. Code § 25-5-53.  These provisions, known as the AWCA's exclusive-remedy provisions, prevent employees from recovering "in tort for the injuries [the employee]

---

[1] While Steel and Viscofan apparently agree that Viscofan should be dismissed as a defendant, Viscofan argues that permitting Steel to file the proposed amended complaint would be the functional equivalent of a Rule 41(a)(2) dismissal without prejudice. *See* Doc. 38 at 4; *see also Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1364–65 (Fed. Cir. 2000) (noting that an omission of claims from an amended complaint operates as a Rule 41(a)(2) dismissal without prejudice).  As a result, Viscofan maintains that the court should grant its motion for judgment on the pleadings, which would be a ruling on the merits resulting in a dismissal with prejudice. *See* Doc. 38 at 5.

incurred during the course of his employment." *Ex parte Rock Wool Mfg. Co.*, 202 So. 3d 669, 670 (Ala. 2016); *see also Gaut v. Medrano*, 630 So. 2d 362, 364 (Ala. 1993) ("Alabama Code 1975, § 25–5–53, provides that an action brought under the Workers' Compensation Act is the exclusive remedy for an employee's injuries sustained in the course of his employment.").  While Alabama courts have carved out certain exceptions to the AWCA's exclusivity, these exceptions are directed towards to "intentional and outrageous" conduct such as fraud. *See, e.g.*, *Harris v. Beaulieu Group, LLC*, 394 F. Supp. 2d 1348, 1353–54 (M.D. Ala. 2005).  Even intentional conduct cannot give rise to an exception the AWCA's exclusivity where the conduct is "nonetheless a workplace accident." *Rock Wool*, 202 So. 3d at 675–76.

Steel clearly asserts throughout his complaint that he was a Viscofan employee at the time of the accident. *See, e.g.*, Doc. 2-2 at 4 ("On March 23, 2016, the relationship of employer/employee existed between Mr. Steel and Defendant Viscofan.  Plaintiff Steel and Defendant Viscofan were subject to the Workers' Compensation Act of Alabama.") & 5 (alleging that Steel may be "entitled" to health insurance premium benefits, paid vacation time, paid sick leave, "and other bonuses and incentives which would increase his average weekly wage").  In his response to Viscofan's motion for judgment on the pleadings, Steel cited to a stray statement in his amended state-court complaint that he was "contracted and/or employed by Viscofan" as a basis for allowing his tort claims to proceed against Viscofan.  But Steel's proposed amended complaint makes no change to the allegations regarding his employment status, instead merely seeking to dismiss Viscofan as a defendant. *See* Doc. 34-1.  Thus, Steel has apparently abandoned any effort to question the

existence of an employment relationship and conceded what was already apparent from the face of his complaint—that he was a Viscofan employee at the time of the accident.

It is clear, then, that Steel's tort claims are barred by the AWCA's exclusivity provisions.  Steel asserts that his injuries were caused by a workplace accident involving machinery he was operating. Doc. 2-2 at 3.  He explicitly states that the accident occurred while he "was acting within the line and scope of his job duties and responsibilities." Doc. 2-2 at 3.  And he has not alleged any conduct on the part of Viscofan that could give rise to an exception to the AWCA's exclusivity.  Therefore, Steel's tort claims against Viscofan are barred as a matter of law, and Steel's state-court workers' compensation suit is his sole avenue for recovery against this particular defendant.[2]

Notably, Steel has now had multiple opportunities to advance substantive arguments against judgment on the pleadings, and he has declined to do so.  Once granted the opportunity to argue for leave to amend his complaint, Steel's proposed amended complaint merely dismissed Viscofan as a defendant.  Thus, not only has Steel failed to raise any legal argument against judgment on the pleadings, but he has now implicitly consented to Viscofan's dismissal from this action.  The only question, as Viscofan points out, is whether that dismissal should occur with or without prejudice.  The answer is simple. Because Viscofan is due judgment on the pleadings, all claims asserted against Viscofan must be dismissed with prejudice, and Steel's motion for leave to amend must be denied.

---

[2] Viscofan represents that Steel and Viscofan settled the state-court workers' compensation action, thus terminating that action. *See* Doc. 38 at 3.

## V.  CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the motion for judgment on the pleadings (Doc. 25) be GRANTED, that the motion for leave to amend complaint (Doc. 34) be DENIED, and that all claims asserted by Steel against Viscofan USA, Inc. be DISMISSED with prejudice.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation **not later than March 29, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 15th day of March, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE