# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| KAWAYNE STEELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:17-cv-349-MHT-DAB |
| ) | |
| VISCOFAN USA, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| | |
| KAWAYNE STEELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-368-MHT-DAB |
| ) | |
| VISCOFAN, SA, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Kawayne Steele, initiated this lawsuit in state court against his employer, Viscofan, U.S.A., Inc. and multiple fictitious defendants for significant personal injuries he sustained in a workplace accident that occurred March 23, 2016. All of Steele's claims arose while he was working at the Viscofan USA, Inc. facility in Montgomery, Alabama, on a shirring machine designed and/or retrofitted by Viscofan, SA. Steele amended his complaint to name Viscofan, SA, and other entities identified through discovery. The state court severed the worker's compensation claims from the products liability claims, and the case involving the tort claims was removed to

this court on the basis of diversity of citizenship. Steele asserts state-law claims pursuant to the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) and for negligence and wantonness against Viscofan, SA, and the other named Defendants. Viscofan USA, Inc. has been dismissed with prejudice from the suit on the basis of the exclusive-remedy provisions of the Alabama Workers' Compensation Act. *See* Docs. 39, 42, 43. The claims between Viscofan USA, Inc. and Steele were ultimately settled. (Doc. 52 at 3).

Before the court is Defendant Viscofan, SA's Motion to Dismiss (Doc. 52). The parties have had the opportunity to fully brief the matter, and the court takes the motion under advisement without oral argument. For the reasons that follow, the undersigned Magistrate Judge recommends that Defendant Viscofan, SA's Motion to Dismiss (Doc. 52) be **denied**.

I.    **JURISDICTION**

The case was removed to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 2). The parties do not contest jurisdiction or venue, and the court finds sufficient information of record to support both. *See* 28 U.S.C. § 1391. On April 4, 2018, this matter was referred to the undersigned for review by United States District Judge Myron H. Thompson. (Doc. 20); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990). United States District Judge Emily Marks is now the presiding District Judge.

II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but

mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

### III. PROCEDURAL AND FACTUAL BACKGROUND[1]

Steele was employed as a machine operator by Viscofan USA, Inc. *See* Doc. 1 in Case No. 2:18-cv-368-ECM-DAB. On March 23, 2016, Steele was feeding casing into the machine that is the subject of this lawsuit when his left arm was cut by the machine resulting in serious injury to his arm. *Id.* ¶¶ 8, 13. Defendant Kuko Packing Machinery Co., Ltd. designed, manufactured, installed, distributed, sold, assembled and/or otherwise placed into the stream of commerce the subject machine. *Id.* ¶ 9. Defendant Viscofan, SA designed, modified, altered, and otherwise changed the design of the subject machine. *Id.* ¶ 10. Defendant Master Automatismos SL designed, manufactured, installed, distributed, sold, and/or assembled the subject machine as it appeared at the time of the subject accident. *Id.* ¶ 11. Defendant Disenos Y Proyectos Electronicos SL designed, manufactured, installed, distributed, sold, assembled, and/or programmed the subject machine as it appeared at the time of the subject accident. *Id.* ¶ 12.

Steele alleges the machine was defective and unreasonably dangerous in that it cycled without warning, cycled without trigger, failed to have adequate safeguarding to protect users and operators, and/or failed to have adequate warnings. *Id.* ¶ 14. He further alleges the defective

---

[1] The factual background is taken from Plaintiff's Complaint in the consolidated case 2:18-cv-368-ECM-DAB. (Doc. 1).

machine caused him serious injury including loss of use of his left arm and permanent disfigurement. *Id.* ¶ 15.

In a three-count complaint, Steele sues Viscofan, SA and other entities under the AEMLD and for negligence and wantonness. In his AEMLD claim in Count I, Steele alleges that the subject machine was unreasonably dangerous and defective by design in that the machine cycled without trigger or warning and lacked adequate safeguards and warnings to protect users. *Id.* ¶¶ 21, 22. Steele further alleges that Defendants, including Viscofan, SA, knew that the machine would be used in the condition it was in and that employees, such as Steele, would be working near and around the machine. *Id.* ¶¶ 23, 24. He claims the Defendants' failure to provide adequate warnings and safety devices subjected him into an unreasonable risk of harm, and as a result he was seriously injured. *Id.* ¶¶ 25, 26.

In Count II of his complaint, Steele alleges that Viscofan, SA and the other entities negligently designed, tested, and manufactured the subject machine, and negligently failed to warn of the potential hazards associated with the use of it. *Id.* ¶ 28. He also pleads that Defendants were negligent in the design, installation, and assembly of the subject machine by failing to incorporate adequate guards, safety devices, and/or warnings. *Id.* ¶ 29. As a result of Defendants' negligence, Steele asserts he was severely injured. *Id.* ¶ 30. He makes similar allegations in Count III, but claims that Defendants' conduct was wanton. *Id.* ¶¶ 31–34.

Defendant Viscofan, SA moves to dismiss Steele's Complaint against it on the basis that the settlement agreement entered into in state court between Steele and Viscofan USA, Inc. released Viscofan, SA, as it is the parent company of Viscofan USA, Inc. (Doc. 52). According to Viscofan, SA, it is a Spanish corporation and the 100% shareowner and parent company of Viscofan USA, Inc. *Id.* at 2. Steele responds that the settlement agreement between himself and

his employer Viscofan USA, Inc. only intended to release the worker's compensation claims that were the subject of the state court lawsuit and never intended to release the tort claims that are the subject of the instant case. (Doc. 65)

## IV.     ANALYSIS

As a preliminary matter, the motion to dismiss is due to be denied because Viscofan, SA requests this court consider matters outside the four corners of the complaint. Specifically, Viscofan, SA relies upon the settlement agreement between Steele and Viscofan USA, Inc. to support its argument that the case should be dismissed against it. Assertions of settlement and release are affirmative defenses to be raised in the answer. *See* Fed. R. Civ. Pro. 11(c). Even Viscofan, SA's motion recognizes that resolution of the motion requires the court to consider matters outside of the pleadings. (Doc. 52 at 5). On a motion to dismiss, the court accepts the allegations of the complaint as true and construes them in a light most favorable to the plaintiff. *Hill v. White*, 321 F.3d at 1335. Applying this standard, Steele's complaint states a claim against Viscofan, SA, and the motion to dismiss should be denied.

Viscofan, SA invites this court to treat its motion to dismiss as a motion for summary judgment. While such consideration is permitted by the Rules in some circumstances, the history and issues of this case counsel against it here. The prior litigation involving this accident, the negotiations and resolution of at least some issues, and questions as to the meaning and context of the release language all support not attempting a definitive analysis at this pleading stage. Alternatively, should the Court wish to reach the merits at this point, Plaintiff should be provided with an appropriate notice of the Court's intention to do so and be allowed to file a a full response as contemplated under Fed. R.Pro.Civ. 56.

## V.     CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant Viscofan, SA's Motion to Dismiss (Doc. 52) be **denied**. In the event the recommendation is adopted, it is further **RECOMMENDED** that Defendant Viscofan, SA be directed to file an answer to Plaintiff's Complaint within 14 days of the date of the court's order adopting the recommendation.

## VI. NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Accordingly, it is hereby **ORDERED** that any objections to the Report and Recommendation shall be filed on or before **October 26, 2018**. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; see also 28 U.S.C. § 636(b)(1).

**Respectfully recommended** this 12th day of October 2018.

/s/ David A. Baker
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE